IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF
TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| MAITE MARSHALL, Individually, | § | |
| AND DYLAN MARSHALL, | § | |
| Individually, | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 4:16-CV-1881 |
| v. | § | |
| | § | |
| SERGEANT BEN RUSSELL, | § | |
| Individually and as an agent | | |
| and/or employee of HARRIS COUNTY | § | |
| SHERIFF'S OFFICE/HARRIS COUNTY | § | |
| | § | |
| Defendants. | § | JURY TRIAL REQUESTED |

## ORIGINAL COMPLAINT AT LAW AND JURY DEMAND

**TO THE HONORABLE JUDGE SAID COURT:**

Now comes Plaintiffs MAITE MARSHALL, Individually and as Spouse of CHARLES MARSHALL, deceased and DYLAN MARSHALL, Individually and as Son of CHARLES MARSHALL, deceased, and in support states as follows:

Plaintiffs Maite Marshall and Dylan Marshall are persons of the full age of majority and residents of Houston, Texas, Southern District of Texas. Maite Marshall and Dylan Marshall sue on behalf of themselves.

### Index of Counts

Count I—Sergeant Ben Russell- 42 U.S.C.§ 1983 Claim

Count II—Sergeant Ben Russell- Negligence Claim & Bystander Claim

Count III--Harris County Sherriff's Office/ Harris County- 42 U.S.C. § 1983 and 1988/ *Monnell* Policy Claim

Count IV--Harris County Sherriff's Office/Harris County- Negligence Claim

## I.
## PARTIES

1.1    Plaintiff MAITE MARSHALL is a person of the full age of majority and a resident of Houston, Texas, Southern District of Texas. MAITE MARSHALL sues on behalf of herself. MAITE MARSHALL was at all times relevant herein the spouse of Charles Marshall, decedent.  MAITE MARSHALL was present at the scene when Charles Marshall was killed.

1.2 Plaintiff DYLAN MARSHALL is a person of the full age of majority and a resident of Houston, Texas, Southern District of Texas. DYLAN MARSHALL sues on behalf of himself.  Dylan Marshall is the son of Charles Marshall, decedent. DYLAN MARSHALL was present at the scene when Charles Marshall was killed.

1.3 Defendant Sergeant BEN RUSSELL, is a resident of Texas, and is a Sergeant with the Harris County Sheriff's Office.  At all times relevant to this cause, BEN RUSSELL was operating under the color of law and in the course and scope of his agency and/or employment relationship with the Harris County Sherriff's Office/ Harris County, under the color of law, and pursuant to the Harris County Sherriff's Office's customs, policies, and practices which were moving force behind the constitutional violations asserted herein.

1.4 Defendant HARRIS COUNTY SHERIFF'S OFFICE / HARRIS COUNTY ("HARRIS COUNTY") a governmental entity and may be served with process by serving Judge Ed Emmett, 1001 Preston, Suite 911, and Houston, Texas 77002. Defendant HARRIS COUNTY failed to train, supervise, manage, and/or correct the wrongful behavior by its officer, Defendant Sergeant Ben Russell; there was a culture of

silence and toleration of such conduct and/or there was a failure to train on non-lethal use of force. Defendant HARRIS COUNTY employed persons including, Sergeant Ben Russell, who in the course and scope of his employment, was required to respond to emergency 911 calls. At all relevant times herein, HARRIS COUNTY acted under the color of law pursuant to certain customs, policies and practices that were the moving force behind the constitutional violations asserted herein. Defendant HARRIS COUNTY is authorized by the laws of the State of Texas to operate a law enforcement agency (the Harris County Sheriff's Office) that, among other duties, protects the rights, interests and safety of its citizens, and to act reasonably when responding to emergency 911 suicide attempt calls. Defendant HARRIS COUNTY employed persons including Sergeant Ben Russell who, in the course and scope of his employment, were required to "enhance the safety and protect the trust of the citizens of Harris County by enforcing the law with integrity and professionalism"[1] when responding to emergency 911 suicide call for purposes of protecting and aiding Harris County's citizens. At all relevant times herein, Defendant HARRIS COUNTY acted under the color of law and pursuant to certain customs, policies, and practices that were the moving force behind the constitutional violations asserted herein.

## II.
## JURISDICTION AND VENUE

2.1 This Court has jurisdiction over the claims raised in this Complaint under 42 U.S.C. § 1983, and 1988, and 28 U.S.C. §1331.

---

[1] Refer to Harris County's Sheriff's Office official website at www.harriscountyso.org;  Quote by current Harris County Sheriff, Ron Hickman.

2.2. Venue is appropriate in the Southern District of Texas under 28 U.S.C. § 1391 as Defendants reside, and the acts complained of arose, in the Southern District of Texas.

2.3 Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Texas and seeks recovery under the Wrongful Death, Survival Statutes, and Bystander claims of the State of Texas as allowed by law.

### III.
### NATURE OF THE CASE & NOTICE

3.1 This is a proceeding for the Civil Action Deprivation of Rights pursuant to 42 U.S.C. §§1983, Federal Question pursuant to 28 U.S.C. §1331, Proceedings in Vindication of Civil Rights pursuant to 42 U.S.C. §§1988, Use of Force or Deadly Force pursuant to Texas §83.001, Penal Code Chapter 9: Protection of Life or Health pursuant to Texas §9.34, and Wrongful Death pursuant to Texas § 71.002. All statutory notice requirements have been satisfied before the filing of this lawsuit.

### IV.
### FACTS COMMON TO ALL COUNTS

4.1 On or about March 15, 2015 to June 15, 2015, Charles Marshall was hospitalized and treated for depression at Hospital Park in Houston, Texas.

4.2 On or about June 21, 2015, Maite Marshall and Dylan Marshall were at home with Charles Marshall located in Houston, Texas, 77090.

4.3 On or about June 21, 2015, Charles Marshall attempted suicide by inflicting bodily harm onto himself, by slicing his wrist with a razor.

4.4 On or about June 21, 2015, Charles Marshall was not a threat to his family.

4.5 On or about June 21, 2015, Maite Marshall was in fear of her husband, Charles Marshall, taking his own life.

4.6 On or about June 21, 2015, Maite Marshall called 911 and requested an ambulance for her husband.

4.7. On or about June 21, 2015, during the 911 call, Maite Marshall stated, "I need an ambulance. My husband sliced his wrist and I see blood… I am trying to stop the blood."

4.8. On or about June 21, 2015, Maite Marshall ended the call, and waited for the ambulance to arrive at the apartment located.

4.9 On or about June 21, 2015, at approximately 4:00 p.m. in Houston, Texas, Harris County Sheriff's Officer, Sergeant Ben Russell was dispatched and arrived to the Marshalls' apartment at 910 Cypress Station Drive, Apartment 1507, Houston, Texas, 77090, in response to the 911 call.

4.10 On or about June 21, 2015, and at all relevant times herein,  Sergeant Ben Russell went to the Marshalls' apartment for the purposes of responding to a 911 suicide call.

4.11 On or about June 21, 2015, and at all times relevant,  Sergeant Ben Russell arrived to the Marshalls' apartment while acting in the course and scope of his employment with the Harris County Sheriff's Office/Harris County.

4.12 On or about June 21, 2015, and at all times relevant, Sergeant Ben Russell was acting as an agent and/or employee of the Harris County Sheriff's Office/Harris County.

MARSHALL v. HARRIS COUNTY, ET. AL. ORIGINAL PETITION

4.13 On or about June 21, 2015, there was no ambulatory care present when Sergeant Ben Russell arrived to the Marshalls' apartment.

4.14 On or about June 21, 2015, Maite Marshall came out of the apartment, down the stairs to speak with Sergeant Ben Russell and notify him that Charles Marshall had attempted suicide.

4.15 On or about June 21, 2015, Maite Marshall informed Sergeant Ben Russell that her husband had an empty, cordless drill that contained no drill bit.

4.16 On or about June 21, 2015, Maite Marshall and Sergeant Ben Russell, together, went upstairs to the Marshalls' apartment.

4.17 On or about June 21, 2015, Sergeant Ben Russell stood outside of the apartment's front door behind Maite Marshall, who was standing inside of the apartment between Charles Marshall and Sergeant Ben Russell.

4.18 On or about June 21, 2015, Sergeant Ben Russell verbally communicated with Charles Marshall, who was inside of the apartment, while standing behind Maite Marshall and outside of the apartment.

4.19 On or about June 21, 2015, and at all relevant times herein, Charles Marshall was several feet away from Sergeant Ben Russell, and Maite Marshall was between Sergeant Ben Russell and Charles Marshall.

4.20 On or about June 21, 2015, Charles asked Sergeant Ben Russell "Are you going to kill me?"

4.21 On or about June 21, 2015, Sergeant Ben Russell asked Charles Marshall to place the drill down.

4.22 On or about June 21, 2015, Sergeant Ben Russell fired his weapon and killed Charles Marshall without any provocation or any movement by Charles Marshall in the direction of Sergeant Ben Russell, and Sergeant Ben Russell fired his weapon at Charles Marshall while in the color of law and operating in the course and scope of his agency and/or employment relationship with Harris County Sheriff's Office/Harris County.

4.23 On or about June 21, 2015, Sergeant Ben Russell while acting under the color of law and in the course and scope of his employment with Harris County Sheriff's Office used deadly force and threat of deadly force on Charles Marshall.

4.24 On or about June 21, 2015, and at all relevant times herein, Maite Marshall was almost hit with the bullet fired by Sergeant Ben Russell that struck and killed Charles Marshall.

4.25 On or about June 21, 2015, and in a hysterical state, Maite Marshall screamed at Sergeant Ben Russell asking, "Why did you shoot him?"

4.26 On or about June 21, 2015, Sergeant Ben Russell responded, "We are trained to kill."

4.27 On or about June 21, 2015, and at all relevant times herein, Charles Marshall did not make any sudden or quick movements (i.e. lunge or dart) towards  Sergeant Ben Russell.

4.28 On or about June 21, 2015, Sergeant Ben Russell did not call and/or timely request life-saving medical treatment for Charles Marshall; and did not call and/or timely transport Charles Marshall for the administration of timely and appropriate life-saving treatment.

4.29 On or about June 21, 2015, Sergeant Ben Russell did not assist or aid Charles Marshall after the shooting.

4.30 On or about June 21, 2015, Charles Marshall died in Maite Marshall's arms, in their family apartment.

4.31 On or about June 21, 2015, Dylan Marshall was in the restroom when Charles Marshall was shot by Sergeant Ben Russell.

4.32 On or about June 21, 2015, and at all relevant times herein, Dylan Marshall possessed sensorial presents and/or awareness of what was happening, heard the exchange between Sergeant Ben Russell and Charles Marshall, heard the bullet fired at his father, Charles Marshall, and heard and was aware that Charles Marshall was shot and was fatally injured. Dylan Marshall saw his father Charles Marshall die on the scene.

4.33 On or about June 21, 2015, and at all relevant times herein, these events occurred on Father's Day.

4.34 On or about June 21, 2015, Sergeant Ben Russell and another officer of Harris County Sheriff's Office arrived on the scene, began to yell and curse at Maite Marshall and Dylan Marshall.

4.35 On or about June 21, 2015, Sergeant Ben Russell and another officer with Harris County Sheriff's Office placed Maite Marshall and Dylan Marshall in a deputy officer's vehicle located at the scene of the accident.

4.36 On or about June 21, 2015, Sergeant Ben Russell and/or another officer with Harris County Sheriff's Office took Dylan Marshall's cell phone.

4.37 On or about June 21, 2015, Sergeant Ben Russell returned upstairs to the Marshalls' apartment for unknown reasons.

4.38 On or about June 21, 2015, the ambulance eventually arrived to the scene.

4.39 On or about June 21, 2015, and at all relevant times herein, Sergeant Ben Russell was not justified to use deadly force against Charles Marshall.

4.40 On or about June 21, 2015, and at all relevant times herein, Sergeant Ben Russell knew and/or should have known that he is only justified  to use reasonable force that he believes is immediately necessary to prevent another from committing suicide or inflicting serious bodily injury to himself, but at no time, is deadly force ever justified.

4.41 On or about June 21, 2015, and at all times relevant, Sergeant Ben Russell and Harris County Sheriff Office/ Harris County were required to protect and keep Charles Marshall safe and free from injury or harm.

4.42 On or about June 21, 2015, and at all times relevant, Harris County Sheriff's Office/Harris County was required to train its officers and agents on a method and means of responding to a 911 suicide call to keep those persons of whom the call is being made, safe from physical or psychological injury, harm, or death.

4.43 Each of the Defendants caused, and is responsible for, the unlawful conduct described herein, and resulting injuries by, among other things, personally participating in the unlawful conduct, acts or omissions, or acting jointly with  others who did so; by authorizing, acquiescing in or setting into motion policies, practices, plans or actions that lead to the unlawful conduct; by failing and refusing with deliberate indifference to Charles Marshall's rights, to initiate and maintain adequate training and supervision; and by ratifying the unlawful conduct that occurred by agents and officers under their discretion and control, including failing to take remedial or disciplinary action.

4.44 The Defendants each acted under the color of law and deprived Charles Marshall of his constitutional rights, including his right to be free from excessive and unreasonable force in violation of the Fourth Amendment and pursuant to 42 U.S.C. § 1983.

4.45 Defendants were deliberately indifferent to protecting Charles Marshall from harm and failed to prevent said harm, further failed to provide urgently needed medical care and their conduct was unreasonable in failing to protect Charles Marshall from harm.

4.46 During all relevant times, although Defendants knew that Charles Marshall was in a present state of threatening suicide, and that deadly force was not justified, and that Charles Marshall was not a threat to anyone other than himself, and that medical care should have been provided, and that he should have been placed in a mental high risk status, and that he was exhibiting signs and symptoms of distress and hopelessness; they failed to provide him with any medical treatment, and instead inflicted deadly force.

4.47 During all relevant times, despite Defendants' knowledge that Charles Marshall struggled with medical issues, including previous suicidal episodes and presently in the acts of a suicidal attempt, they were deliberately indifferent to his high risk of suicide.

4.48 During all relevant times, Defendants, with specific notice of Charles Marshall's ongoing medical issues, specifically his suicidal present state, and prior suicidal attempts, failed to offer or procure appropriate intervention and failed to ensure that he receive the medical attention that was requested in the 911 call , and needed for his serious, immediate and  life threatening condition.

### ADDITIONAL FACTS RELATED TO HARRIS COUNTY AND HARRIS COUNTY'S SHERIFF'S OFFICE

4.49 During all relevant times, the Mission of the Harris County Sheriff's Office is to "Enhance the safety and protect the trust of the citizens of Harris County by enforcing the law with integrity and professionalism."[2] Despite Defendants' knowledge of this duty and obligation, personnel, agent(s), and employee(s) of Defendants, including but not limited to Sergeant Ben Russell, deliberately abdicated their responsibilities for the safety, security and welfare of Charles Marshall and Plaintiffs and instead acted in conscious disregard for the life of Charles Marshall by shooting him without just cause.

4.50 During all relevant times, although Defendants knew that the purpose for their presence at the scene of the accident made the basis of this lawsuit was only to respond to a 911 emergency call made by Plaintiff Maite Marshall because her husband, Charles Marshall had attempted suicide and was only in need of medical attention, and that Defendants should have provided medical care, handled the situation with an understanding the Charles Marshall was a mental health high risk status and that he was exhibiting signs of distress and hopelessness; Defendants failed to provide him any medical treatment and instead fired their weapon at Charles Marshall and killed him.

4.51 During all relevant times herein, despite Defendants' knowledge that Charles Marshall struggled with medical issues, including present moment suicidal attempts, they were deliberately indifferent to Charles Marshall.

4.52 During all relevant times herein, Defendants, with specific notice of Charles Marshall's ongoing and current medical issues, specifically his most recent suicidal attempt which occurred and was in progress moments before Defendants arrived on the scene, failed to offer or procure appropriate intervention and failed to ensure that he

---

[2] *See* id.

received the medical attention he needed for his serious, immediate and life threatening condition and instead fired their weapon at Charles Marshall and killed him for no reason.

## V.
## CAUSES OF ACTION

### COUNT I:  SERGEANT BEN RUSSELL- 42 U.S.C. § 1983
### EXCESSIVE & DEADLY FORCE

Plaintiffs re-allege Paragraphs 4.1-4.52 of the Complaint.

5.1     On June 21, 2015, Defendant Sergeant Ben Russell acted under the color of law.

5.2     Charles Marshall was in a special relationship with Defendant, within the meaning of the case law interpreting 42 U.S.C.§ 1983 and the Constitution, which guarantees equal protection of the laws and prohibits any person acting under the color of federal law, from subjecting any person  under custody to punitive conditions of excessive and deadly force without due process of law.

5.3 Defendant, acting under color of law and within the scope of his responsibilities or employment and authority, intentionally, and with conscious, callous, deliberate and unreasonably indifference deprived Charles Marshall of his constitutional rights.

5.4 The Defendant's above and below described conduct, acts and/or omissions constitute deliberate indifference to Charles Marshall's medical and psychological needs, was unreasonable and violated his rights under the Fourth Amendment to the United States Constitution and violated 42 U.S.C. § 1983.

5.5 The above-described acts and omissions by Defendant Sergeant Ben Russell demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Charles Marshall.

5.6 As a result of Defendant Sergeant Ben Russell's violations of Charles Marshall's constitutional rights, Charles Marshall suffered substantial injuries, including but not limited to physical injury, conscious pain and suffering, mental anguish, damages and ultimately, death.

5.7 Charles Marshall exercised his rights, or attempted to do so, under the United States Constitution.

5.8 Defendant Sergeant Ben Russell deprived Charles Marshall of his right guaranteed by the United States Constitution and federal statutes.

5.9 In the events alleged above, Defendant Sergeant Ben Russell acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Charles Marshall of his rights, privileges and immunities secured by the U.S. Constitution  and  42 U.S.C. § 1983.

5.10 As a direct and proximate result of the foregoing, Defendant Sergeant Ben Russell, individually and as an agent and/or employee of Harris County Sherriff's Office/ Harris County, deprived Charles Marshall of his rights and privileges as a citizen of the United States, and Defendant Sergeant Ben Russell caused Charles Marshall to suffer injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

5.11 The claims and causes of action for the wrongful death of Charles Marshall are brought by his wife and son, Maite Marshall and Dylan Marshall on their own

behalves and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code Sections 71.002-004.

5.12 The claims and causes of action for injuries to the health, reputation and person sustained by Charles Marshall are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code Section 71.021.

## COUNT II:  SERGEANT BEN RUSSELL- NEGLIGENCE & BYSTANDER CLAIM

Plaintiffs re-allege Paragraphs 4.1-4.52 of the Complaint.

5.13 On June 21, 2015, Defendant Sergeant Ben Russell acted under color of law.

5.14 In the events alleged above, Defendant Sergeant Ben Russell acted contrary to law, and negligently, willfully, wantonly, and/or unreasonably deprived Charles Marshall of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

5.15 The above-described acts and omissions by Defendant  Sergeant Ben Russell demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Charles Marshall.

5.16 On or about June 21, 2015, Harris County Sherriff's Office personnel, including but not limited to Sergeant Ben Russell, was negligent, willful, wanton, and/or reckless in failing to use reasonable force to keep Charles Marshall safe and secure.

5.17 On or about June 21, 2015, Harris County Sherriff's Office personnel, including but not limited to  Sergeant Ben Russell, was negligent, willful, wanton, and/or recklessly exhibited a conscious disregard for the safety of Charles Marshall in failing to keep him free from injury, harm and death. As a result of the negligent, willful, wanton,

and/or reckless acts by Sergeant Ben Russell which exhibited a conscious disregard for the safety of Charles Marshall and Maite Marshall, Maite Marshall was almost injured, because the bullet that was fired by Sergeant Ben Russell almost struck Maite Marshall who was standing in front of Charles Marshall at the time.

5.18 On or about June 21, 2015,  Harris County Sherriff's Office personnel, including but not limited to  Sergeant Ben Russell, was negligent, willful, wanton, and/or reckless in not providing adequate medical care and attention to Charles Marshall.

5.19 On or about June 21, 2015, Harris County Sherriff's Office personnel, including but not limited to Sergeant Ben Russell, did not attempt to transport Charles Marshall to a medical facility to be seen by a physician.

5.20 As a direct and proximate result of the foregoing, Defendant Sergeant Ben Russell, individually and as an agent and/or employee of Harris County Sherriff's Office/ Harris County, deprived Charles Marshall of his rights and privileges as a citizen of the United States, and cause d Charles Marshall to suffer injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

5.21 The claims and causes of action for the wrongful death of Charles Marshall are brought by his wife and son, Maite Marshall and Dylan Marshall on their own behalves and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code Sections 71.002-004.  In addition, Maite Marshall and Dylan Marshall are asserting Bystander Claims against  Sergeant Ben Russell for the extreme emotional distress suffered by Plaintiffs who were present at the scene of the incident, witnessed the death

of Charles Marshall, in the zone of danger, and as a result had contemporaneous perception of the accident.

5.22 The claims and causes of action for injuries to the health, reputation and person sustained by Charles Marshall are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code Section 71.021.

### COUNT III: HARRIS COUNTY SHERIFF'S OFFICE/ HARRIS COUNTY- 42 U.S.C. § 1983 AND 1988/*MONNELL* POLICY CLAIM

Plaintiffs re-allege paragraphs 4.1-4.52.

5.23 The actions of Defendants, which resulted in Charles Marshall's death, were done pursuant to one or more interrelated *de facto* as well as explicit policies, practices and/or customs of the Defendant Harris County Sheriff's Office/ Harris County, its agents, and/or its officials, Boards, and/or Personnel Division.

5.24 Defendant Harris County Sheriff's Office/ Harris County, acting at the level of official policy, practice, and custom, with deliberate, callous, conscious and unreasonable indifference to Charles Marshall's constitutional rights, authorized, tolerated, and institutionalized the practices and ratified the illegal conduct herein detailed, and at all times material to this Complaint the Defendant Harris County Sheriff's Office/ Harris County, its officers and/or agents, its Boards and/or its Personnel Divisions had interrelated *de facto* policies, practices, and customs which include, *inter alia:*

a. Ignoring the threat of suicide of Charles Marshall disclosed to Defendants when responding to the 911 emergency call at the Marshall's residence;

b. Failing to use reasonable force and not deadly force against Charles

Marshall under Chapter 9 of the Model Penal Code, Texas § 83.001 of Liability in Tort Chapter 83: Use of Force or Deadly Force; and Texas § 9.34 of Justification Excluding Criminal Responsibility in Penal Code Chapter 9: Protection of Life or Health. Defendant Sergeant Ben Russell is justified in using force, but not deadly force against another when and to the degree he reasonably believes the force is immediately necessary to prevent the other from committing suicide or inflicting serious bodily injury to himself;

c. Failing to address and ignoring threats of suicide;

d. Failing to properly train, supervise, discipline, transfer, monitor, counsel and otherwise control police officers;

e. Failing to appropriately and timely identify serious mental health conditions and needs of victims like Charles Marshall;

f. Failing to appropriately recognize suicidal tendencies in victims like Charles Marshall, despite clear indications of such tendencies;

g. Failing to timely refer victims like Charles Marshall for appropriate mental health medical services, despite clear indications of serious need;

h. Failing and refusing to adequately and timely communicate critical information regarding mental health to health care providers;

i. Possessing knowledge of deficiencies in the policies, practices, customs, and procedures concerning suicidal victims like Charles Marshall, and approving and/or deliberately turning a blind eye to those deficiencies.

5.25  All of the policies set forth above were adopted, implemented, supplemented, reinforced, promulgated, and effected, as a further matter of custom,

practice, and policy, also a driving force in Charles Marshall's homicide, by means of the failure of Defendant HARRIS COUNTY'S SHERIFF'S OFFICE/ HARRIS COUNTY to hire, train, discipline and supervise its police officers and agents, including Sergeant BEN RUSSELL, in accordance with the following principles:

a. That there be an immediate, urgent, predictable, consistent and mandatory response to any sign or evidence of a recognizable and significant likelihood of suicide by any victim like Charles Marshall, especially when there is actual notice that the victims like Charles Marshall is suicidal;

b. That when, as here, there is an immediate and recognizable likelihood of suicide or actual steps taken, immediate and urgent steps must be taken to prevent suicide, or deadly bodily harm by persons like Sergeant BEN RUSSELL, and HARRIS COUNTY SHERIFF'S OFFICE/HARRIS COUNTY, whose purpose is to protect suicidal victims like Charles Marshall from suicide or deadly bodily harm;

c. That threats of suicide must be addressed consistently and predicable so that none could be ignored, disregarded, or responded to in a delayed or deleterious manner by HARRIS COUNTY SHERIFF'S OFFICE/ HARRIS COUNTY, Sergeant BEN RUSSELL, or any other agent or persons of Defendant HARRIS COUNTY SHERIFF'S OFFICE/HARRIS COUNTY.

5.26 Said interrelated policies, practices, and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference and unreasonable; and encouraged, *inter alia*, the failure to adequately respond to a suicidal call; the failure to adequately observe the suicidal victim, Charles Marshall, to identify problematic behavior and respond accordingly to any suicidal attempt, but at no

time, respond with deadly force; the failure to provide immediate medical assistance or preventative health care to avoid further injury to the suicidal victim, Charles Marshall,; the failure to resuscitate Charles Marshall after deadly force was used; the failure to provide resuscitation equipment and training; the failure to transport Charles Marshall to the hospital immediately after deadly force was used against Charles Marshall by Sergeant BEN RUSSELL, as an agent of HARRIS COUNTY SHERIFF'S OFFICE/HARRIS COUNTY.

5.27 Further, the constitutional violations and damages of Charles Marshall as described herein were directly and proximately caused by: The unofficial and/or official, tacit and/or expressed; and otherwise unconstitutional policies of authorized policy makers of the Defendants, who deliberately ignored the reckless, negligent, willful, wanton, deliberate and/or intentional conduct of its agents, subjecting suicidal victims to unreasonable risk of harm, and deliberately failed to supervise and control officers so as to prevent violations of suicidal victims' rights.

5.28 Said interrelated policies, practices and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference and unreasonably; and encouraged the Defendants to commit the aforesaid acts against Charles Marshall, and therefore acted as direct and proximate cause of said constitutional violations and resulting injures.

5.29 The foregoing policies, practices, customs and omissions, maintained by Defendant HARRIS COUNTY SHERIFF'S OFFICE/HARRIS COUNTY violated Charles Marshall's constitutional rights.

### COUNT IV: HARRIS COUNTY SHERIFF'S OFFICE/HARRIS COUNTY-NEGLIGENCE

Plaintiffs re-allege paragraphs 4.1-4.52.

5.30 On June 21, 2015, Defendant Sergeant Ben Russell was an agent and/or employee of Harris County Sheriff's Office/Harris County through his employment at the Harris County Sheriff's Office/Harris County.

5.31 In the events alleged above, HARRIS COUNTY SHERIFF'S OFFICE/HARRIS COUNTY, by and through its agents and/or employees, Defendant Ben Russell, and others, acted contrary to law, and negligently, and unreasonably deprived Charles Marshall of his rights, privileges and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983 in a willful and wanton fashion.

5.32 The above-described acts and omissions by Defendants demonstrated a negligent and even deliberate indifference to and conscious disregard for the constitutional rights and safety of Charles Marshall.

5.33 On or about June 21, 2015, Harris County Sheriff's Office/Harris County personnel, officers and/or agents were inadequately trained on the procedures for recognition, supervision, handling and responding to suicidal victims and/or potentially suicidal.

5.34 As a result of the violation of Charles Marshall's constitutional rights by Harris County Sheriff's Office/Harris County agents and/or employees of Defendant Sergeant Ben Russell and others, Charles Marshall suffered substantial bodily injuries, damages and ultimately death.

5.35 On or about June 21, 2015, Harris County Sheriff's Office/Harris County personnel, including but not limited to, Defendant Sergeant Ben Russell, was negligent,

willful, wanton, and reckless in exhibiting a conscious disregard for the safety of Charles Marshall in failing to keep him free from injury, harm, and death.

5.36 On or about June 21, 2015, Harris County Sheriff's Office/Harris County personnel, including but not limited to, Defendant Sergeant Ben Russell, and others were negligent, willful, wanton, and reckless in not providing adequate medical care and attention to Charles Marshall once arriving on the scene pursuant to the 911 emergency call.

5.37 On or about June 21, 2015, Harris County Sheriff's Office/Harris County personnel, including but not limited to, Defendant Sergeant Ben Russell, and others were negligent, and reckless in exhibiting a conscious disregard for the safety of Charles Marshall in failing to keep him free from injury, harm and death.

5.38 Defendant Harris County Sheriff's Office/Harris County, by and through its agents and/or employees, Defendant Sergeant Ben Russell, and others deprived Charles Marshall of his rights guaranteed by the United States Constitution and federal statutes.

5.39 As a direct and proximate result of the foregoing, Defendant Harris County Sheriff's Office/Harris County, by and through its agents and/or employees, including Defendant Sergeant Ben Russell, and others, deprived Charles Marshall of his rights and privileges as a citizen of the United States, and caused Charles Marshall to suffer injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

5.40 The claims and causes of action for the wrongful death of Charles Marshall are bought by his wife, Maite Marshall and son Dylan Marshall and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code Sections 71.002-004.

5.41 The claims and causes of action for injuries to the health, reputation and person sustained by Charles Marshall are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code Section 71.021.

5.42 As permitted under 42 U.S.C. §§1988, Plaintiffs seek recovery of attorney's fees and costs.

## VI.
## DAMAGES

6.1 Defendants are jointly and severally liable for the wrongs complained of herein, either by virtue of direct participation or by virtue of encouraging, aiding, abetting, committing, and/or ratifying and condoning the commission of the above described acts and/or omissions.

6.2 Plaintiffs suffered compensatory, special, and punitive damages for the following:

a. Extreme mental anguish and emotional distress as a result of being falsely arrested, physically assaulted, and battered by Defendant Sergeant Ben Russell;

b. Extreme physical abuse, mental anguish and emotional distress as a result of the intentional infliction of emotional distress to which Defendant Sergeant Ben Russell subjected Plaintiffs;

c. Violations of Plaintiffs' civil rights by Defendants Sergeant Ben Russell and Harris County Sheriff's Office/Harris County;

d. Pre- and post-judgment interest cost of Court;

e. Punitive damages for egregious acts and omissions of Defendants Sergeant Ben Russell and Harris County Sheriff's Office/Harris County.

6.3 Plaintiffs are entitled to attorney's fees for litigation of this matter and any such other and further relief to which Plaintiffs may be entitled.

## VII.
## PUNITIVE DAMAGES

7.1    Plaintiffs are also seeking punitive damages for the wrongful death of Charles Marshall.

## VIII.
## JURY DEMAND

8.1    Plaintiffs request that this action be heard before a jury.

### PRAYER FOR RELIEF

Maite Marshall, as Spouse of Charles Marshall, deceased, and Dylan Marshall as Son of Charles Marshall, deceased, pray that for judgment on their behalves against all Defendants jointly, severally, and in solido, as follows:

a.  Compensatory, special and punitive damages;

b.  The cost of this action and reasonable attorney fees as provided by 42 U.S.C. §1983;

c.  Judicial interest from date of judicial demand;

d.  Trial by jury; and such further relief as this Court deems just and equitable.

Respectfully submitted,

THE COX PRADIA LAW FIRM PLLC


By: _/s/ Troy J. Pradia_____
        Troy J. Pradia
        Texas Bar No. 24011945
        Fed. Bar No. 30260
        Lindsey V. Marshall
        Texas Bar No. 24092763
        Fed. Bar No. 2591300

MARSHALL v. HARRIS COUNTY, ET. AL. ORIGINAL PETITION

1415 N. Loop West, Ste. 200
Houston, Texas  77008
Tel. 713.739.0402
Fax 713.752.2812
ATTORNEYS FOR PLAINTIFFS